1   JEFFER, MANGELS, BUTLER & MARMARO LLP
    ROD S. BERMAN (Bar No. 105444)
2   rberman@jmbm.com
    MARC MARMARO (Bar No. 85242)
3   mmarmaro@jmbm.com
    BRIAN W. KASELL (Bar No. 143776)
4   bkasell@jmbm.com
    BRIAN M. YATES (Bar No. 241798)
5   byates@jmbm.com
    1900 Avenue of the Stars, Seventh Floor
6   Los Angeles, California 90067-4308
    Telephone:  (310) 203-8080
7   Facsimile:  (310) 203-0567

8   Attorneys for Plaintiffs
    ROBERT L. GOLDMAN and
9   CELS ENTERPRISES, INC.

10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13                   WESTERN DIVISION

14                  CV08-06375    PA    VBKx

15  ROBERT L. GOLDMAN, an            CASE NO.
    individual, and CELS ENTERPRISES,
16  INC., a New York corporation,    **COMPLAINT FOR:**

17          Plaintiffs,              **1. FEDERAL TRADEMARK
                                        INFRINGEMENT, 15 U.S.C. § 1114;**
18          v.
                                     **2. FEDERAL FALSE DESIGNATION
19  TITAN INDUSTRIES, INC., a Nevada    OF ORIGIN, 15 U.S.C. § 1125(a);**
    corporation, and DOES 1 through 10,
20  inclusive,                       **3. STATE TRADEMARK DILUTION,
                                        CAL. BUS. & PROF. CODE § 14330;**
21          Defendants.
                                     **4. UNFAIR BUSINESS PRACTICES,
22                                      CAL. BUS. & PROF. CODE § 17200;
                                        and**
23
                                     **5. COMMON LAW TRADEMARK
24                                      INFRINGEMENT AND UNFAIR
                                        COMPETITION.**
25
                                     **DEMAND FOR JURY TRIAL**
26

27

28

1    Plaintiffs Robert L. Goldman and Cels Enterprises, Inc. for their Complaint

2    allege as follows:

3

4               **Jurisdiction**

5    1.    This action arises under the Federal Trademark Act (the "Lanham Act"),

6    as amended, 15 U.S.C. §§ 1051 *et seq.*, and related California statutory and common

7    law.  The Court has jurisdiction over the subject matter of this action pursuant to 28

8    U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. §§ 1119 and 1121.  The Court has

9    supplemental jurisdiction over the California statutory and common law claims

10    pursuant to 28 U.S.C. § 1367(a).

11

12               **The Parties**

13    2.    Plaintiff Robert L. Goldman ("Goldman") is an individual residing in

14    Beverly Hills, California.

15    3.    Plaintiff Cels Enterprises, Inc. ("Cels") is a corporation organized under

16    the laws of the State of New York, with its principal place of business at 3485 South

17    La Cienega Blvd., Los Angeles, California 90016.  Goldman and Cels are referred to

18    herein collectively as "Plaintiffs."

19    4.    Plaintiffs are informed and believe, and on that basis allege, that Titan

20    Industries, Inc. ("Titan") is a Nevada corporation, with a principal place of business

21    located at 5252 Bolsa Ave., Huntington Beach, CA 92649.  Plaintiffs are informed

22    and believe, and on that basis allege, that, at all times relevant hereto, Titan was, and

23    is, doing business in this judicial district.

24    5.    Plaintiffs are unaware of the true names and capacities, whether

25    individual, corporate, associate, or otherwise, of defendants Does 1 through 10,

26    inclusive, or any of them, and therefore sues these defendants, and each of them, by

27    such fictitious name.  Plaintiffs will seek leave of Court to amend this Complaint

28    when the identities of these defendants are ascertained.  Titan and Does 1-10 are

PRINTED ON
RECYCLED PAPER

1    referred to herein collectively as "Defendants."

2        6.    Plaintiffs are informed and believe, and on that basis allege, that each
3    defendant conspired and acted in concert with each other to commit the wrongs
4    against Plaintiffs alleged herein, and in doing so were at all relevant times the agents,
5    servants, employees, principals, joint venturers, alter egos, and/or partners of each
6    other. Plaintiffs are further informed and believe, and on that basis allege, that in
7    doing the things alleged in this Complaint, each defendant was acting within the
8    scope of authority conferred upon that defendant by the consent, approval and/or
9    ratification of the other defendants, whether said authority was actual or apparent.

10

11                       **Facts Common To All Claims For Relief**

12        7.    Plaintiff Cels was founded in 1971 by Goldman and is a family-owned
13    business headquartered in Los Angeles, California. Cels is in the business of
14    designing, manufacturing, marketing, distributing and selling women's footwear and
15    related accessories. Cels markets and sells a variety of different brands of women's
16    footwear. Cels' products are sold to consumers through over 2800 retail outlets,
17    including, but not limited to, major department stores and specialty outlets such as
18    Nordstrom's and Macy's, as well as through Cels' own retail store in Los Angeles and
19    through Cels' website at www.chineselaundry.com.

20        8.    Cels' flagship brand is its CHINESE LAUNDRY® line of women's
21    footwear. Goldman adopted the CHINESE LAUNDRY® trademark in 1983 and,
22    since that time, the mark has been used continuously, including through Goldman's
23    licensee Cels, in connection with the marketing and distribution of Cels' CHINESE
24    LAUNDRY® product line, including on the boxes and bags in which Cels packages
25    and ships its products to retailers and consumers. The CHINESE LAUNDRY® brand
26    was introduced in 1983 as a collection of fashion-forward footwear targeted to the
27    young woman's market. Since that time, the CHINESE LAUNDRY® brand has
28    achieved enormous success not only in the young women's market segment, but

PRINTED ON
RECYCLED PAPER

5654235v1

1  across the board in the women's footwear industry.  In the past three years alone, the

2  CHINESE LAUNDRY® line has included over 600 different shoe styles sold in a

3  wide variety of colors and sizes, as well as a line of accessories including handbags

4  and belts.  In the past two years alone, sales of the CHINESE LAUNDRY® line of

5  shoe products have exceeded $ 50,000,000.

6      9.    Goldman applied for and, in 1994, obtained a federal trademark

7  registration for the CHINESE LAUNDRY® mark.  Attached hereto as Exhibit A is a

8  true and correct copy of United States Trademark Registration No. 1,861,027 on the

9  CHINESE LAUNDRY® mark.  This registration has become incontestable.  Goldman

10  has licensed the use of the CHINESE LAUNDRY® mark to Cels.  Goldman is the

11  owner and CEO of Cels.

12      10.    Through control of product design and the use of high-quality materials

13  and exacting manufacturing standards, Plaintiffs have created products that the

14  market trusts to be of the highest quality and standards.  Plaintiffs have expended

15  considerable time, effort and financial resources to popularize the products sold under

16  the CHINESE LAUNDRY® mark.  Indeed, Plaintiffs' also sell their line of CHINESE

17  LAUNDRY® products through a retail store named CHINESE LAUNDRY.  Through

18  Plaintiffs' successful marketing and sales of products under the CHINESE

19  LAUNDRY® mark, the mark has become well known and associated with Plaintiffs,

20  and is recognized as a distinctive indicator of the origin of high-quality goods.

21      11.    For their ability to deliver on lifestyle and lead with new trends, products

22  sold under the CHINESE LAUNDRY® mark have attracted the attention of a growing

23  number of stars and celebrities, including Paris Hilton, Hilary Duff, Teri Hatcher,

24  Courteney Cox, Kelly Clarkson, and Jennifer Love Hewitt.  Under the CHINESE

25  LAUNDRY® brand, Plaintiffs have carved a solid niche in today's competitive

26  women's footwear market.

27      12.    In disregard of Plaintiffs' exclusive rights in the CHINESE LAUNDRY®

28  mark, Defendants have been and are unlawfully exploiting Plaintiffs' efforts by

PRINTED ON
RECYCLED PAPER

5654235v1

1   marketing, advertising, selling and/or distributing a line of women's footwear

2   products bearing the confusingly similar mark "Laundry by Shelli Segal" pursuant to

3   a license granted to defendant Titan in or around 2004 by L.C. Licensing, Inc (the

4   "License").

5        13.    Plaintiffs are informed and believe, and on that basis allege, that

6   Defendants, by such conduct, have been and are willfully and intentionally

7   misappropriating Plaintiffs' rights with the intent to profit therefrom.

8        14.    The association of Plaintiffs with the products sold by Defendants under

9   the Laundry by Shelli Segal mark poses an immediate and serious threat to Plaintiffs'

10   business reputations and the goodwill built up in the CHINESE LAUNDRY® mark

11   and name.

12        15.    Accordingly, Plaintiffs bring this action to enforce their rights and to

13   stop the manufacture and sale of these infringing goods.

14

15                      **FIRST CLAIM FOR RELIEF**

16        **(Federal Trademark Infringement, 15 U.S.C. § 1114)**

17                  **(By Plaintiff Goldman only)**

18        16.    Plaintiffs reallege and incorporate herein by reference paragraphs 1-15

19   of this Complaint.

20        17.    Plaintiff Goldman's federal registration for the CHINESE LAUNDRY®

21   mark is incontestable, and the mark is inherently distinctive and has acquired

22   secondary meaning as to the source of all goods advertised, marketed, sold, or used in

23   connection with the mark.

24        18.    Goldman has not authorized, licensed or given permission to Defendants

25   to use the mark in any manner whatsoever including, without limitation, on the

26   infringing products being marketed, advertised, sold or distributed by Defendants.

27        19.    Defendants' use of an infringing version of the CHINESE LAUNDRY®

28   mark in connection with Defendants' products sold under the Laundry by Shelli Segal

1   mark is likely to cause confusion, mistake or to deceive as to source, origin,

2   affiliation, or sponsorship.

3        20.    Goldman lacks an adequate remedy at law.

4        21.    Unless an injunction is issued enjoining any continuing or future

5   infringing use of the CHINESE LAUNDRY® mark by Defendants, such use is likely

6   to continue to cause confusion, mistake, or to deceive as to source, origin, affiliation,

7   or sponsorship, thereby irreparably damaging Goldman.

8        22.    As a direct and proximate cause of Defendants' infringing conduct,

9   Goldman has been damaged and will continue to be damaged.  Pursuant to 15 U.S.C.

10  § 1116(a),  Goldman is entitled to an order enjoining Defendants from using the

11  CHINESE LAUNDRY® mark, or any mark confusingly similar thereto, including,

12  without limitation, the mark Laundry by Shelli Segal, in connection with marketing,

13  advertising, selling or distributing women's footwear.  Pursuant to 15 U.S.C. §

14  1117(a), Goldman is entitled to an order requiring Defendants to account to Goldman

15  for any and all profits derived by Defendants from their actions, and to an order

16  awarding all damages sustained by Goldman by reason of the infringement caused by

17  Defendants.

18       23.    Goldman is informed and believes, and on that basis alleges, that

19  Defendants' conduct alleged herein was intentional and in conscious disregard of

20  Goldman's rights.  Pursuant to 15 U.S.C. § 1117(a), Goldman is entitled to an award

21  of treble damages and/or enhanced profits against Defendants.

22       24.    Defendants' acts make this an exceptional case under 15 U.S.C. §

23  1117(a), and Goldman is entitled to an award of attorneys' fees and costs.

24

25                  **SECOND CLAIM FOR RELIEF**

26      **(Federal False Designation Of Origin, 15 U.S.C. § 1125(a))**

27                   **(By all Plaintiffs)**

28       25.    Plaintiffs reallege and incorporate herein by reference paragraphs 1-24

1   of this Complaint.

2       26.   By virtue of the widespread and longstanding distribution of goods

3   under the CHINESE LAUNDRY® mark, the mark has come to identify the source of

4   such goods and to distinguish those goods from those of others.  By virtue of the

5   quality of the products distributed under the CHINESE LAUNDRY® mark, the mark

6   has come to identify the source of such goods as a supplier of high quality and trend-

7   setting women's footwear and has also established enormous goodwill in the mark.

8       27.   Defendants' promotion, marketing and advertising of a line of women's

9   footwear under the mark Laundry by Shelli Segal, is a false designation of origin and

10   false or misleading representation of fact that is likely to cause confusion, or to cause

11   mistake, or to deceive as to an affiliation, connection, or association between

12   Plaintiffs and Defendants, and is likely to cause confusion, mistake or deception as to

13   the origin, sponsorship or approval of Defendants' products by Plaintiffs or,

14   conversely, Plaintiffs' products by Defendants.

15       28.   Plaintiffs are informed and believe, and on that basis allege, that

16   Defendants intended to, and did, confuse and mislead the public, and did represent

17   and create the false impression that Plaintiffs authorized, originated, sponsored,

18   approved, licensed or participated in Defendants' use of a mark confusingly similar to

19   the CHINESE LAUNDRY® mark in connection with Defendants' products.

20       29.   In fact, there is no connection or association or licensing relationship

21   between Plaintiffs, on the one hand, and Defendants, on the other hand.  Plaintiffs

22   have not authorized, licensed or given permission to Defendants to use the CHINESE

23   LAUNDRY® mark, or any mark similar thereto, in any manner whatsoever,

24   including, without limitation, Defendants' use of the mark Laundry by Shelli Segal in

25   connection with women's footwear.

26       30.   Thus, Defendants have created and will continue to create a false

27   impression concerning an association between Plaintiffs and Defendants, a false

28   designation of the origin of Defendants' goods, and confusion as to a connection

PRINTED ON
RECYCLED PAPER

5654235v1

1    between the respective parties.

2        31.    As a direct and proximate result of Defendants' creation of a false

3    impression of association between Plaintiffs and Defendants, and Defendants' use of a

4    false designation of origin and false or misleading representation of fact in connection

5    with Defendants' goods, Plaintiffs have been damaged and will continue to be

6    damaged.  Pursuant to 15 U.S.C. § 1116(a), Plaintiffs are entitled to an order

7    enjoining Defendants from using the CHINESE LAUNDRY® mark, or any mark

8    confusingly similar thereto, including, without limitation, the mark Laundry by Shelli

9    Segal, in connection with marketing, advertising, selling or distributing women's

10   footwear.  Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an order

11   requiring Defendants to account to Plaintiffs for any and all profits derived by

12   Defendants from their actions, and to an order awarding all damages sustained by

13   Plaintiffs and caused by Defendants' conduct.

14       32.    Plaintiffs are informed and believe, and on that basis allege, that

15   Defendants' conduct alleged herein was intentional and in conscious disregard of

16   Plaintiffs' rights.  Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an award

17   of treble damages and/or enhanced profits against Defendants.

18       33.    Defendants' acts make this an exceptional case under 15 U.S.C. §

19   1117(a), and Plaintiffs are entitled to an award of attorneys' fees and costs.

20

21                    **THIRD CLAIM FOR RELIEF**

22              **(State Trademark Dilution and Injury to Reputation,**

23                 **California Bus. & Prof. Code § 14330)**

24                         **(By all Plaintiffs)**

25       34.    Plaintiffs reallege and incorporate herein by reference paragraphs 1-33

26   of this Complaint.

27       35.    The CHINESE LAUNDRY® mark constitutes a valid trademark under

28   state law, is distinctive and has acquired secondary meaning.

36.     Defendants' use of the CHINESE LAUNDRY® mark is causing a likelihood of dilution of the mark because the mark is deprived of its exclusive capacity to identify and distinguish the source of goods distributed thereunder.

37.     Defendants' actions constitute injury to business reputation and/or dilution within the meaning of California Business and Professions Code § 14330.

38.     Pursuant to California Business and Professions Code § 14330, Plaintiffs are entitled to an injunction prohibiting Defendants from continuing their infringing use of any mark dilutive of the CHINESE LAUNDRY® mark.

## FOURTH CLAIM FOR RELIEF

### (Unfair Business Practices, Violation

### of Cal. Bus. & Prof. Code § 17200 *et seq.*)

### (By all Plaintiffs)

39.     Plaintiffs reallege and incorporate herein by reference paragraphs 1-38 of this Complaint.

40.     Defendants' acts constitute unlawful, unfair and/or fraudulent business practices and misleading advertising pursuant to California Business and  Professions Code § 17200.

41.     Plaintiffs have been damaged and will continue to be damaged by Defendants' unlawful, unfair and/or fraudulent business practices and misleading advertising as alleged herein.

42.     Plaintiffs are entitled to an injunction prohibiting Defendants from continuing the practices alleged herein, and Plaintiffs are entitled to restitution of all amounts acquired by Defendants by means of such wrongful acts.

PRINTED ON
RECYCLED PAPER

5654235v1

### FIFTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

### (By all Plaintiffs)

43.     Plaintiffs reallege and incorporate herein by reference paragraphs 1-42 of this Complaint.

44.     Defendants' acts constitute common law trademark infringement and unfair competition under state law.

45.     Plaintiffs have been damaged and will continue to be damaged by Defendants' infringing activities.

46.     Plaintiffs are entitled to an injunction prohibiting Defendants from continuing the wrongful practices described herein.

47.     Plaintiffs are also entitled to profits and damages arising from Defendants' wrongful use of a mark confusingly similar to the CHINESE LAUNDRY® mark.

48.     Plaintiffs are informed and believe, and on that basis allege, that Defendants' conduct was willful, wanton, malicious and in conscious disregard of Plaintiffs' rights, thereby justifying an award of punitive and/or exemplary damages in an amount according to proof at trial.

### Prayer For Relief

WHEREFORE, Plaintiffs Robert L. Goldman and Cels Enterprises, Inc. pray for relief against Defendants as follows:

A.     For a preliminary and permanent injunction enjoining and restraining Defendants, and all their officers, directors, stockholders, owners, agents, representatives, servants and employees, and all those acting in concert or privity therewith, from directly or indirectly:

PRINTED ON
RECYCLED PAPER

5654235v1

1            1.    infringing Plaintiff Goldman's trademark rights in any way

2 including, without limitation, Goldman's rights, common law or otherwise, in the

3 registered mark CHINESE LAUNDRY®;

4            2.    using any false or misleading designation of origin, or false or

5 misleading description or statement, that can, or is likely to, lead the consuming

6 public or individual members thereof, to believe that any product provided by

7 Defendants is in any manner associated or connected with Plaintiffs, or is sponsored,

8 approved or authorized by Plaintiffs;

9            3.    diluting in any way the distinctive quality of the CHINESE

10 LAUNDRY® mark;

11            4.    engaging in any unfair business practices or any acts of unfair

12 competition in any manner with respect to Plaintiffs' product line or the CHINESE

13 LAUNDRY® mark; and

14            5.    using the mark Laundry by Shelli Segal in connection with shoes

15 or other footwear.

16      B.    Ordering Defendants to file with the Court and to serve on counsel for

17 Plaintiffs, within thirty (30) days from entry of an injunction, a report setting forth the

18 manner and form in which Defendants have complied with the injunction.

19      C.    For an order that, by the acts complained of herein, Defendants have

20 infringed Plaintiff Goldman's trademark rights, in violation of 15 U.S.C. § 1114.

21      D.    For an order that, by the acts complained of herein, Defendants have

22 infringed Plaintiffs' rights, and engaged in acts of false designation of origin, in

23 violation of 15 U.S.C. § 1125(a).

24      E.    For an order that, by the acts complained of herein, Defendants have

25 diluted the distinctive quality of the CHINESE LAUNDRY® mark, in violation of

26 Cal. Bus. and Prof. Code § 14330.

27

28

1    F.    For an order that, by the acts complained of herein, Defendants have

2    engaged in unfair business practices against Plaintiffs, in violation of Cal. Bus. and

3    Prof. Code § 17200.

4    G.    For an order that, by the acts complained of herein, Defendants have

5    infringed Plaintiffs' common law trademark rights and/or engaged in acts of common

6    law unfair competition against Plaintiffs.

7    H.    For an order awarding Plaintiffs general and/or specific damages, in an

8    amount to be fixed by the Court in accordance with proof, including enhanced and/or

9    exemplary damages, as appropriate, as well as all of Defendants' profits or gains of

10   any kind from Defendants' acts of trademark infringement, false designation of

11   origin, unfair business practices and dilution; and further for an order that such acts

12   were willful and wanton, thereby justifying an award, where appropriate, of treble or

13   enhanced damages.

14   I.    For an order awarding Plaintiffs restitution of all amounts obtained by

15   Defendants by means of their wrongful acts described herein;

16   J.    For an order awarding Plaintiffs their costs and attorneys' fees incurred

17   in prosecuting this action.

18   K.    For an order awarding Plaintiffs pre-judgment interest.

19

20

21

22

23

24

25

26

27

28

1       L.      For an order awarding such other relief as the Court deems just and

2   proper.

3

4   DATED:  September 26, 2008           JEFFER, MANGELS, BUTLER & MARMARO LLP
                                         ROD S. BERMAN
5                                        MARC MARMARO
                                         BRIAN W. KASELL
6                                        BRIAN M. YATES

7

8                                        By: _____

9                                                   ROD S. BERMAN
                                         Attorneys for Plaintiffs ROBERT L.
10                                       GOLDMAN and CELS ENTERPRISES, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

5654235v1

# **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand trial by jury.

DATED:  September 26, 2008

JEFFER, MANGELS, BUTLER & MARMARO LLP
ROD S. BERMAN
MARC MARMARO
BRIAN W. KASELL
BRIAN M. YATES


By:_____
ROD S. BERMAN
Attorneys for Plaintiffs ROBERT L.
GOLDMAN and CELS ENTERPRISES, INC.

# EXHIBIT A

# EXHIBIT A

Int. Cl.: 25

Prior U.S. Cl.: 39

**United States Patent and Trademark Office**

Reg. No. 1,861,027
Registered Nov. 1, 1994

### TRADEMARK
PRINCIPAL REGISTER

### CHINESE LAUNDRY

GOLDMAN, ROBERT L. (UNITED STATES CITIZEN)
612 NORTH BEDFORD DRIVE
BEVERLY HILLS, CA 90210

FOR: SHOES, IN CLASS 25 (U.S. CL. 39).

FIRST USE 4-1-1983; IN COMMERCE 4-1-1983.

SER. NO. 74-471,892, FILED 12-17-1993.

PAUL KRUSE, EXAMINING ATTORNEY