DREIER STEIN KAHAN
  BROWNE WOODS GEORGE LLP
YAKUB HAZZARD (No. 150242)
yhazzard@dreierstein.com
WILLIAM A. FINKELSTEIN (No. 213382)
wfinkelstein@dreierstein.com
DAVID R. SHRAGA (No. 229098)
dshraga@dreierstein.com
The Water Garden
1620 26th Street
Sixth Floor, North Tower
Santa Monica, CA 90404
Telephone: 310.828.9050
Facsimile: 310.828.9101

JOSEPH S. FISCHBACH (No. 70830)
Jsf2@fischbachlaw.com
FISCHBACH& FISCHBACH
A LAW CORPORATION
9300 Wilshire Blvd., Suite 308
Beverly Hills, Ca. 90212
Telephone: 310.278.4015
Facsimile: 310-278-2894

Attorneys for Defendant
TITAN INDUSTRIES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBERT L. GOLDMAN, an individual, and CELS ENTERPRISES, INC., a New York corporation,<br><br>          Plaintiffs,<br><br>     vs.<br><br>TITAN INDUSTRIES. a Nevada corporation and DOES 1 through 10, inclusive,<br><br>          Defendants. | CASE NO. CV08-06375 DSF (Ex)<br><br>ANSWER OF TITAN INDUSTRIES, INC., TO COMPLAINT<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Titan Industries, Inc. ("Titan") answers the Complaint of Robert L. Goldman and CELS Enterprises, Inc. ("Plaintiffs") as follows:

### Jurisdiction

1. Titan admits the averments in Paragraph 1.

### The Parties

2. Titan is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 2, and on that basis denies those averments, express or implied.

3. Titan is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 3, and on that basis denies those averments, express or implied.

4. Titan admits the averments in Paragraph 4.

5. Titan is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 5, and on that basis denies those averments, express or implied.

6. Titan is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6, and on that basis denies those averments, express or implied.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

7. Titan is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 7, and on that basis denies those averments, express or implied.

8. Titan is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8, and on that basis denies those averments, express or implied.

9. Titan admits that attached as Exhibit A to the First Amended Complaint is what appears to be a copy of United States Trademark Registration No. 1,861,027, which document speaks for itself. Titan is without knowledge or

1  information sufficient to form a belief as to the truth of the remaining averments in
2  Paragraph 9, and on that basis denies the remainder of those averments, express or
3  implied.
4    10. Titan is without knowledge or information sufficient to form a
5  belief as to the truth of the averments in Paragraph 10, and on that basis denies
6  those averments, express or implied.
7    11. Titan is without knowledge or information sufficient to form a
8  belief as to the truth of the averments in Paragraph 11, and on that basis denies
9  those averments, express or implied.
10    12. Titan admits that it previously marketed, advertised, sold and
11  distributed women's shoes being the work "Laundry by Shelli Segal" pursuant to a
12  licensing joined by L.C. Licensing, Inc. on or about 2004, and denies the remaining
13  averments in paragraph 12.
14    13. Titan denies the averments in paragraph 13.
15    14. Titan denies the averments in paragraph 14.
16    15. Titan is without knowledge or information sufficient to form a
17  belief as to the truth of the averments in Paragraph 15, and on that basis denies
18  those averments, express or implied.

### ANSWER TO FIRST PURPORTED CLAIM FOR RELIEF
### (Federal Trademark Infringement)

21    16. Titan realleges and incorporates its responses to Paragraphs 1
22  through 15, inclusive.
23    17. Titan denies the averments in Paragraph 17.
24    18. Titan admits it received no authorization, license or permission
25  from Plaintiffs to use "CHINESE LAUNDRY" in any manner whatsoever. Titan
26  denies the remaining averments in Paragraph 18.
27    19. Titan denies the averments in Paragraph 19.
28    20. Titan denies the averments in Paragraph 20.

DREIER STEIN KAHAN
BROWNE WOODS GEORGE LLP

21. Titan denies the averments in Paragraph 21.

22. Titan denies the averments in Paragraph 22.

23. Titan denies the averments in Paragraph 23.

24. Titan denies the averments in Paragraph 24.

## ANSWER TO SECOND PURPORTED CLAIM FOR RELIEF

### (Federal False Designation of Origin)

25. Titan realleges and incorporates its responses to Paragraphs 1 through 24, inclusive.

26. Titan denies the averments in Paragraph 26.

27. Titan denies the averments in Paragraph 27.

28. Titan denies the averments in Paragraph 28.

29. Titan admits there is no connection or association or licensing relationship between Plaintiffs and Titan, and that Plaintiffs have not authorized, licensed or given Titan permission to use "Laundry by Shelli Segal." Titan denies the remaining averments in Paragraph 29.

30. Titan denies the averments in Paragraph 30.

31. Titan denies the averments in Paragraph 31.

32. Titan denies the averments in Paragraph 32.

33. Titan denies the averments in Paragraph 33.

## ANSWER TO THIRD PURPORTED CLAIM FOR RELIEF

### (State Trademark Dilution and Injury to Reputation)

34. Titan realleges and incorporates its responses to Paragraphs 1 through 33, inclusive.

35. Titan is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 35, and on that basis denies those averments, express or implied.

36. Titan denies the averments in Paragraph 36.

37. Titan denies the averments in Paragraph 37.

38. Titan denies the averments in Paragraph 38.

## ANSWER TO FOURTH PURPORTED CLAIM FOR RELIEF

### (Unfair Business Practices)

39. Titan realleges and incorporates its responses to Paragraphs 1 through 38, inclusive.

40. Titan denies the averments in Paragraph 40.

41. Titan denies the averments in Paragraph 41.

42. Titan denies the averments in Paragraph 42.

## ANSWER TO FIFTH PURPORTED CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

43. Titan realleges and incorporates its responses to Paragraphs 1 through 42, inclusive.

44. Titan denies the averments in Paragraph 44.

45. Titan denies the averments in Paragraph 45.

46. Titan denies the averments in Paragraph 46.

47. Titan denies the averments in Paragraph 47.

48. Titan denies the averments in Paragraph 48.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

1. The Complaint and each alleged claim for relief therein, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Laches)

2. The relief sought by Plaintiffs is barred because of the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3. The relief sought by Plaintiffs is barred because of the doctrine of equitable estoppel.

### FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4. The relief sought by Plaintiffs is barred because of the equitable doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

### (Acquiescence)

5. The relief sought by Plaintiffs is barred because of the equitable doctrine of acquiescence.

### SIXTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

6. Plaintiffs lack standing to bring the claims asserted in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

7. Plaintiffs have failed to mitigate the alleged damages they claim to have suffered, and accordingly, Plaintiffs are not entitled to any relief, or are entitled to reduced relief.

### EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

8. Plaintiffs' claims are barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

### (Abandonment)

9. Titan is informed and believe that Plaintiffs' claims are barred, in whole or in part, by the fact that Plaintiffs have abandoned any right they may have ever had in the claimed mark, or with respect to certain goods and services for the claimed mark, through nonuse or through acts of omission or commission that have cause the claimed mark to lose its significance as an alleged mark.

## TENTH AFFIRMATIVE DEFENSE(S)

10. There may be additional affirmative defenses to the purported claims for relief alleged by Plaintiffs that are currently unknown to Titans. Therefore, Titan reserves the right to amend this Answer to allege additional affirmative defenses in the event that discovery or other information indicates they are appropriate.

## PRAYER FOR RELIEF

Titan respectfully prays for judgment as follows:

1. That Plaintiffs take nothing by way of their Complaint, and that judgment be rendered in favor of Titan;

2. That Titan be awarded its costs and attorneys' fees incurred in this action; and

3. For such other relief as the Court may deem just and proper.

DATED: October 23, 2008        DREIER STEIN KAHAN
                               BROWNE WOODS GEORGE LLP

                               By _____
                               YAKUB HAZZARD
                               Attorneys for Defendant
                               TITAN INDUSTRIES, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Titan hereby demands trial by jury.

DATED: October 23, 2008

DREIER STEIN KAHAN
BROWNE WOODS GEORGE LLP

By _____
YAKUB HAZZARD
Attorneys for Defendant
TITAN INDUSTRIES, INC.